FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 01, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LORI NOLAN and ERNEST NOLAN, a marital community,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>FOREMOST INSURANCE COMPANY GRAND RAPIDS MICHIGAN, a Michigan corporation; and LEROY CLINE, an individual,<br><br>　　　　　　　　Defendants. | No. 2:21-CV-0302-TOR<br><br>ORDER GRANTING DEFAULT JUDGMENT |

BEFORE THE COURT is Plaintiffs' Motion for Entry of Default Judgment (ECF No. 71). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiffs' Motion for Default Judgment (ECF No. 71) is GRANTED.

ORDER GRANTING DEFAULT JUDGMENT ~ 1

## DISCUSSION

Plaintiffs requests the Court enter a default judgment against Defendant Leroy Cline, having already successfully moved the Court for entry of default. ECF No. 71 at 1. Mr. Cline was added to this matter as a defendant on June 3, 2024, after settlement negotiations between Plaintiffs and Defendants broke down due to uncertainty surrounding Mr. Cline's interest in the property and his entitlement to potential settlement or judgment funds. *Id*. After being served with a summons and Amended Complaint, Mr. Cline has failed to appear and defend. *Id*. Plaintiffs' counsel attests that Mr. Cline's former attorney and daughter were also provided notice of the lawsuit. ECF No. 72 at 2. On June 17, 2024, the Clerk of the Court entered an Order of Default. ECF No. 70.

Plaintiffs seek a default judgment against Mr. Cline, requesting that the Court declare he is not entitled to receive any portion of potential settlement or judgment funds Plaintiffs may receive from Defendants in connection to this dispute. Under Federal Rule of Civil Procedure 55, obtaining a default judgment is a two-step process: (1) entry of default and (2) entry of default judgment. A party must first file a motion for entry of default, obtain a Clerk's Order of Default, and then file a separate motion for default judgment. *See* Local Rule 55. Plaintiffs have satisfied step one. *See* ECF Nos. 68, 70, 71.

Then, to obtain a default judgment, the moving party must set forth by

declaration or affidavit (A) whether the party against whom judgment is sought is an infant or an incompetent person and, if so, whether that person is represented by a general guardian, conservator, or other like fiduciary; and (B) attest that the Servicemembers Civil Relief Act, 50 U.S.C. App. §§ 501-597b, does not apply. Local Rule 55(b). This has also been accomplished. ECF No. 72. Plaintiffs attest that Mr. Cline is competent, and even if he were not, both his daughter and former attorney also received notice of this pending lawsuit and the Amended Complaint against him. *Id*. at 1–2.

All of the prerequisites for entry of default judgment have been satisfied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiffs Lori and Ernest Nolan's Motion for Default Judgment is **GRANTED.** Leroy Cline is not entitled to receive any settlement or judgment funds from Defendants to Plaintiffs that may result from the extinguishment of this matter.

The District Court Executive is directed to enter this Order and Default Judgment against Leroy Cline, and furnish copies to counsel.

**DATED** August 1, 2024.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFAULT JUDGMENT ~ 3